## 60903. TRANSAMERICA INSURANCE COMPANY v. STATE OF GEORGIA.

SHULMAN, Presiding Judge.

The facts of this case have been briefly stated in the opinion of the Supreme Court transferring the case to this court (see *Transamerica Ins. Co. v. State of Ga.,* 246 Ga. 183 (269 SE2d 466)). In essence, each party is disputing the relative merits and priorities of the other party's claim to funds held in the registry of the trial court. These funds were to have been paid by the City of Villa Rica (hereinafter "City") to the firm of Duncan & Associates, Inc. (hereinafter "Duncan"), a construction firm which had been retained to undertake improvements to the City's sewer system.

Prior to commencing performance of the construction, Duncan secured performance and payment bonds on which Transamerica Insurance Company (hereinafter "Transamercia") was listed as the surety. Upon Duncan's failure to perform its contractual obligations, Transamerica assumed these obligations and ensured that the sewer construction was satisfactorily completed. Transamerica, as surety for Duncan, thus claims it is entitled to the funds paid into the registry for the expenses it incurred in fulfilling the provisions of the City's contract with Duncan.

The state's claim to the funds in dispute arises from a state tax

lien which was filed against the funds as the "property" of Duncan pursuant to the provisions of former Code Ann. § 92-3311b (f). (Code Ann. § 92-3311b has since been recodified in Ga. L. 1978, pp. 309, 585, as Code Ann. § 91A-3909; however, subparagraph (f) of former Code Ann. § 92-3311b was omitted in the recodification.) The tax lien was premised on the state's status as a judgment creditor of Duncan for unpaid state taxes.

The state filed a motion for summary judgment contending that its tax lien on the undisputed funds took precedence over Transamerica's claim. Transamerica then filed a cross motion for summary judgment in which it asserted that its claim to the funds in question was superior to the claim of the state. Enumerating as error the trial court's grant of summary judgment, Transamerica brings this appeal. We reverse in part and affirm in part.

Former Code Ann. § 92-3311b (f) states in pertinent part that "[t]he lien of the state for taxes due under this Chapter shall attach to all *property of the defaulting employer . . ."* (Emphasis supplied.) Applying that statute to the circumstances of this appeal, the ultimate question is how much, if any, of the funds involved ever became the property of *Duncan.* This question is important because the state's lien would attach only to those funds in the hands of the City which had become the property of Duncan, but would not attach to those funds which were properly the property of Transamerica by virtue of its completion of the contract between Duncan and the City. As part of the contract of surety, Duncan assigned to Transamerica all its rights under those contracts with the City upon which Duncan defaulted and thereby caused Transamerica to become liable as the surety.

There has not been sufficient development of the record in the trial court for either party to show conclusively whether the funds involved were the property of Transamerica. Until that question is resolved by the interaction of such factors as the date of default, the terms of the contract between the City and Duncan and the date of the assessment of the tax, etc., the effect of the state's lien cannot be determined. It was, therefore, error to grant summary judgment to the state but correct to deny summary judgment to Transamerica.

*Judgment reversed in part and affirmed in part. Quillian, C. J., and Carley, J., concur.*

DECIDED MARCH 3, 1981 —
REHEARING DENIED MARCH 18, 1981.

*John V. Burch, Michael A. McKenzie,* for appellant.
*Arthur K. Bolton, Attorney General, Brenda Hill Cole,*

*Assistant Attorney General,* for appellee.